Filed 11/6/25  P. v. Saechao CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102229 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE011662) |
| v. | |
| OU SIO SAECHAO, | |
| Defendant and Appellant. | |

In 2019, a jury found defendant Ou Sio Saechao guilty of attempted murder, assault with a deadly weapon, and being a felon in possession of a firearm.  The trial court sentenced defendant to a term of 23 years in prison.

In 2024, the trial court denied defendant's petition for resentencing filed pursuant to Penal Code[1] section 1172.6, ruling defendant was ineligible for relief as a matter of law.

---

[1] Undesignated statutory references are to the Penal Code.

Appointed counsel for defendant asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to determine whether there any arguable issues on appeal. Defendant has filed a supplemental brief.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged with willful and deliberate attempted murder, assault with a deadly weapon, and being a felon in possession of a firearm. As to the attempted murder, the information alleged multiple enhancements for personal use and discharge of a firearm under sections 12022.53, subdivisions (a) through (d) and 12022.5, subdivision (a), and, as to the assault with a deadly weapon, personal use of a firearm within the meaning of section 12022.5, subdivisions (a) and (d). The information also alleged defendant suffered a prior serious felony conviction and a prior strike conviction.

In November 2019, the jury found defendant guilty of attempted murder. The jury further found true defendant personally used and personally and intentionally discharged a firearm. (§§ 12022.5, subd. (a), 12022.53, subds. (b), (c).) The jury found defendant guilty of assault with a deadly weapon and found true he personally used a firearm. (§ 12022.5, subds. (a), (d).) Finally, the jury found defendant guilty of being a felon in possession of a firearm.

In sentencing defendant to 23 years in prison, the trial court found the prior conviction true and denied defendant's request to dismiss the prior strike conviction under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497. On the other hand, the court struck the section 12022.53 firearm enhancements, leaving intact the section 12022.5 firearm enhancements attached to defendant's attempted murder and assault with a deadly weapon convictions. The trial court sentenced defendant to the middle term of seven years, doubled to 14 years by the strike on the attempted murder count, plus the middle term of four years on the use of a firearm enhancement. On the assault with a deadly weapon charge, the court sentenced defendant to the middle term of three years and the middle term of four years on the use of a firearm enhancement, stayed

2

under section 654.  The trial court imposed a three-year concurrent term for being a felon in possession of a firearm.  Finally, the court imposed a five-year term for the prior serious felony.

In 2024, defendant filed a resentencing petition under section 1172.6.  The prosecution filed a brief arguing defendant was ineligible for relief because the jury was not instructed on the natural and probable consequences doctrine and defendant was convicted after Senate Bill No. 1437's (2017-2018 Reg. Sess.) amendments to sections 188 and 189 went into effect.  Counsel for defendant filed a reply that did not address the prosecution's arguments.  The trial court issued a tentative ruling denying the petition, finding defendant ineligible for relief as a matter of law based on the record of conviction.  At a hearing with counsel for the parties and defendant, the trial court adopted its tentative ruling.

Defendant appeals.

DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232.)  Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  Defendant filed a supplemental brief.

In *People v. Wende* (1979) 25 Cal.3d 436, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal [that] raises no specific issues or describes the appeal as frivolous." (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6

3

and concluded it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) Our Supreme Court laid out applicable procedures for such cases, saying, where a defendant has filed a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but the filing of a supplemental brief alone does not compel the court to "independent[ly] review . . . the entire record to identify unraised issues," although it may exercise its discretion to do so. (*Id*. at p. 232.)

Defendant argues that a more reasonable sentence should be imposed given the psychological and physical trauma he suffered as member of the Mien culture, displaced in the 1970's by the communist movement in Laos and the war in Vietnam. Defendant further argues that he has been involved in rehabilitation and self-improvement during the five years of his sentence he has served, is at an advanced age, and therefore need not be incarcerated for the safety of the community. These contentions do not relate to the trial court's ruling on defendant's section 1172.6 petition. Nor does defendant challenge the substantive reasons for denial of his petition. When a contention on appeal is "wholly unrelated to the denial of [a] section 1172.6 petition for resentencing" from which the appeal is taken, the contention is "not cognizable." (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1117.)

Defendant also asks this court to use its "discretionary legal authority under Assembly Bill[ Nos.] 600, 124 and 81, in furtherance of justice to consider the case matter [*sic*]." Defendant offers no argument related to the legislation adopted by these bills. " 'Points "perfunctorily asserted without argument in support" are not properly raised.' " (*People v. Clayburg* (2012) 211 Cal.App.4th 86, 93.) Defendant explains that his brief is submitted "in a 'layman' fashion," and asks this court not to hold him "to the normal high stringent standards." But it is axiomatic that "[s]elf-represented defendants are 'held to the same standard of knowledge of law and procedure as is an attorney.' " (*People v. Frederickson* (2020) 8 Cal.5th 963, 1000; see *People v. Kiney* (2007)

4

151 Cal.App.4th 807, 815 ["a pro[pria persona] defendant is held to the same standard as an attorney"].)

Because defendant's contentions are not cognizable and defendant does not demonstrate error, we affirm the denial of his petition.

DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
FEINBERG, J.

5